UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DALE MITCHELL, | ) | CASE NO. C07-1081-BHS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ANITA MOCERI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He avers that defense attorney Anita Moceri, Senior Deputy King County Prosecutor Lisa Johnson, and King County Superior Court Judge Laura Inveen intentionally deprived him of his Fourteenth Amendment due process right to attend a restitution hearing. (Dkt. 6.) He contends that defendants conspired to prevent his attendance at a restitution hearing and to conceal the existence of the restitution order entered. He seeks declaratory relief against all defendants, injunctive relief from Johnson and Inveen, and compensatory and punitive damages from Moceri.

Now before the Court is a Motion for Summary Judgment seeking dismissal of plaintiff's

REPORT AND RECOMMENDATION
PAGE -1

01  claims against Johnson and Inveen. (Dkt. 18.) Because the issues are related, the Court also

02  addresses herein plaintiff's Motion for Leave to File an Amended Complaint, seeking to add

03  Pamela Phillips, a Restitution Investigator for the King County Prosecutor's Office, as a

04  defendant. (Dkt. 16.) Having considered the documents filed in support and in opposition to the

05  motions (Dkts. 16-18, 21-22), the Court recommends that defendants' motion for summary

06  judgment be granted, that plaintiff's motion to amend be denied, and that this case be dismissed

07  against all named defendants.

08                                                    BACKGROUND

09       On August 16, 1996, plaintiff was convicted of Rape in the First Degree and Burglary in

10  the First Degree in King County Superior Court and sentenced to concurrent terms of three

11  hundred months confinement. (Dkt. 18, McHale Decl., Attach. A.)  Moceri served as plaintiff's

12  defense counsel, while Johnson prosecuted the case, and Inveen presided over the trial and post-

13  trial proceedings.

14       The issue of restitution was briefly addressed in an August 19, 1996 sentencing hearing.

15  (*Id.* at attach. B.)  Due to an absence of information as to the amount of crime-related counseling

16  costs at issue, the court set a restitution hearing for October 16, 1996. (*Id.*)  Plaintiff was asked

17  whether he would like to waive his presence at the restitution hearing and he expressly declined

18  to do so. (*Id.*)

19       Restitution Investigator Phillips was assigned the task of investigating the amount of

20  restitution owed by plaintiff. (*Id.*, Phillips Decl., § 3.)  Phillips discovered that the crime victim

21  had not participated in counseling and that the only restitution to be paid was for the costs of the

22  victim's sexual assault examination, for a total of $1024.52.  ( *Id.*, §§ 4-6.)  Phillips prepared a

draft restitution order and, on or about October 8, 1996, sent the draft and billing information to Inveen and Moceri. (*Id*., §§ 6-7.) Moceri signed the restitution order on October 15, 1996, obviating the need for a hearing. (*Id.*, McHale Decl., Attach. C and Attach. D, Moceri Aff. at 2.) Inveen signed the restitution order as of that same date and the hearing date was stricken. (*Id.* at Attach C.) Moceri also filed her notice of withdrawal on October 15, 1996. (Dkt. 21, Ex. 2.)

On or about October 6, 2004, plaintiff filed a motion to strike his restitution obligation in King County Superior Court. (*Id.* at Attach D.) He alleged that he only became aware of the restitution order as of October 1, 2004, when he succeeded in ascertaining why the State began withdrawing "Legal Financial Obligations" from his prison account in May 2004. (*Id*.) The Superior Court transferred plaintiff's motion to the Washington Court of Appeals, wherein it was addressed as a personal restraint petition. (*Id*.) The Court of Appeals dismissed the petition and the Washington Supreme Court denied plaintiff's request for discretionary review. (*Id*.)

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, __U.S.__, 127 S. Ct. 1769, 1776 (2007) (internal citation and quotation marks omitted). The opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (citing Fed. R. Civ. P. 56(e)). *See also Project Release v. Prevost,* 722 F.2d 960, 969 (2nd Cir. 1983) ("A non-moving party may not rely on mere conclusory allegations but must set forth 'concrete particulars.'") (quoted source omitted).

Plaintiff here avers claims pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "[T]he under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful[.]"'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoted sources omitted).

The United States Supreme Court has made clear that public defenders are not considered state actors for purposes of bringing suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). However, a

01 defense attorney who conspires with state officials to deprive a client of his federal rights acts
02 under color of state law and may be liable under § 1983. *See Tower v. Glover*, 467 U.S. 914, 923
03 (1984). "To prove a conspiracy between the state and private parties under [§] 1983, the
04 [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights."
05 *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en
06 banc) (internal quotation marks and quoted sources omitted). Conclusory allegations will not
07 suffice to state a claim of conspiracy. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.
08 1982). Additionally, claims for monetary damages against judges and prosecutors are barred by
09 absolute judicial and prosecutorial immunities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)
10 (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976) (prosecutorial immunity).

11      In the motion before the Court, defendants Johnson and Inveen first argue that they are
12 entitled to immunity from liability. However, as noted by plaintiff, such immunity does not protect
13 them from suits for injunctive and/or declaratory relief. *Mireles*, 502 U.S. at 10 n.1 (judges);
14 *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 n.6 (9th Cir. 1989) (prosecutors) (citing
15 *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 736-37
16 (1980)). *But see* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act
17 or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless
18 a declaratory decree was violated or declaratory relief was unavailable.")

19      Johnson and Inveen next argue that summary judgment should be granted because there
20 is no genuine issue of material fact regarding the propriety of their conduct in handling the
21 restitution matter. They assert that Moceri decided on her own volition to sign the proposed
22 order. (*See* Dkt. 18, McHale Decl., Attach. D, Moceri Aff. at 2 (November 24, 2004 affidavit

REPORT AND RECOMMENDATION
PAGE -5

01 indicating that Moceri recognized the request for restitution limited to the sexual assault

02 examination costs as "one that the Court would consider usual and customary, actually mandatory,

03 and would entertain no argument on whether or not it should be granted[,]" that she "decided that

04 it was unnecessary to transport [plaintiff] for a hearing[,]" and that "[w]ith that belief [she] signed

05 the restitution order on October 15, 1996, thereby obviating the need for a hearing.")) Johnson

06 and Inveen state that they simply signed the order on the appropriate signature lines after receiving

07 it from Moceri and that they had no reason to doubt that Moceri and plaintiff had discussed the

08 matter beforehand.

09     Plaintiff maintains the existence of a material factual dispute.  He asserts that Johnson and

10 Inveen had no reason to assume he and Moceri had discussed the restitution matter given the fact

11 that he had, in a sentencing hearing, stated his desire to be present for a restitution hearing.  He

12 also points to language within an affidavit from Moceri as evidencing her collusion with Johnson

13 on this issue:

14-16     As counsel for Mr. Mitchell I was protective of his rights and extremely concerned about the amount of restitution the state might request.  I had numerous conversations with the trial deputy, Lisa Johnson, about the potential restitution request and specifically informed her that any requests beyond the mandatory VPA and actual costs with the case would have to be proven.  She understood my position.

17 (*Id.*)  Additionally, plaintiff seeks to add Phillips as a party to the alleged conspiracy given her role

18 in investigating the amount of restitution owed and in circulating the draft restitution order.

19     As argued by defendants, there is no basis for concluding Johnson and Inveen violated

20 plaintiff's constitutional rights.  The prosecutor and court received a proposed order setting

21 restitution signed by plaintiff's counsel of record.  (*Id*. at Attach. C.)  The mere fact that plaintiff

22 had expressed a desire to attend a restitution hearing – some two months earlier and prior to a

REPORT AND RECOMMENDATION
PAGE -6

determination that the restitution was limited to the costs of the sexual assault examination – does not suffice to undermine their assertion that they had no reason to doubt Moceri and plaintiff had discussed the matter, or to otherwise "show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of Am.*, 865 F.2d at 1540-41. Nor does the language from Moceri's affidavit support the existence of a conspiracy. Instead, it refers to the "potential restitution request" and describes conversations between Moceri and Johnson preceding the drafting of a restitution order, conversations a prosecutor and defense counsel would necessarily engage in and which, from Moceri's accounting, support her advocacy of plaintiff's rights. (*Id*. at Attach. D., Moceri Aff. at 2.) Accordingly, the Court concludes that plaintiff's claims against Johnson and Inveen are no more than conclusory and subject to summary dismissal.[1]

Likewise, there is no basis for concluding that Phillips engaged in a conspiracy to violate plaintiff's rights. Instead, it is apparent that Phillips's involvement in plaintiff's criminal case was limited to investigating the amount of restitution owed and preparing a draft restitution order. Any assertions by plaintiff to the contrary are no more than conclusory. The Court agrees with defendants that the addition of Phillips as a defendant in this matter would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile). As such, the Court concludes that plaintiff's motion to amend should be denied.

Finally, given the recommended dismissal of the claims against Johnson and Inveen, plaintiff's claims against Moceri should also be dismissed. As stated above, in the absence of a

---

[1] Because the Court finds summary judgment appropriate on this basis, it declines to address defendants' remaining argument that plaintiff failed to file his claims within the applicable statute of limitations.

REPORT AND RECOMMENDATION
PAGE -7

conspiracy with state officials, the conduct of a public defender is excluded from the reach of § 1983.  *See Polk County*, 454 U.S. at 325.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court shall dismiss a case in which a plaintiff proceeds *in forma pauperis* at any time upon determining that the plaintiff fails to state a claim on which relief can be granted.  Here, given the absence of a conspiracy, plaintiff's claims against Moceri, a private actor, fail to state a claim on which relief may be granted and should be dismissed.

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment be GRANTED, that plaintiff's motion to amend be DENIED, and that plaintiff's claims against all named defendants be DISMISSED.  A proposed order accompanies this Report and Recommendation.

DATED this 1st day of February, 2008.

Mary Alice Theiler
United States Magistrate Judge